DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
On November 10, 1999, Jorg H. Boos ("Boos") was indicted on two counts of trafficking in cocaine; possession of criminal tools and unlawful possession of dangerous ordnance, in violation of R.C. 2923.17(A). Boos pleaded not guilty and his jury trial began on February 14, 2000. The jury found Boos not guilty of unlawful possession of dangerous ordnance and guilty of the other three charges.
The trial court sentenced Boos to one year for each count of trafficking in cocaine and six months for possession of criminal tools. The trafficking in cocaine sentences are concurrent. The sentence for the possession of criminal tools is consecutive to the one year sentence.
Boos timely appeals to this court. We affirm.
 I. Assignment of Error No. 1: THE TRIAL COURT ERRED WHEN IT IMPOSED CONSECUTIVE SENTENCES CONTRARY TO OHIO REVISED CODE SECTION 2929.14.
In his first assignment of error, Boos argues that the possession of criminal tools is inherent in the crime of trafficking in cocaine and without evidence of multiple offenses that are great and unusual it was error to sentence him to consecutive sentences. We disagree.
When reviewing an appeal of a sentence, an appellate court may modify a sentence or remand the matter to the trial court for resentencing if the court finds that the trial court clearly and convincingly acted contrary to law or the record. R.C. 2953.08(G)(1). Clear and convincing evidence is that "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cincinnati Bar Assn. v. Massengale (1991), 58 Ohio St.3d 121, 122, quoting Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
Under R.C. 2929.14(E)(4), a trial court may impose consecutive sentences upon a defendant if the following conditions are met:
 [T]he court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.19(B)(2)(c) requires that a trial court give its reasons for imposing consecutive sentences under R.C. 2929.14.
We begin by addressing Boos's claim that the trial court was without evidence of multiple offenses that were great and unusual. The record reflects that the trial court convicted Boos of two separate offenses. R.C. 2925.03(A) states that "[n]o person shall knowingly sell or offer to sell a controlled substance." R.C. 2923.24 states:
 (A) No person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally.
 (B) Each of the following constitutes prima-facie evidence of criminal purpose:
 Possession or control of any dangerous ordnance, or the materials or parts for making dangerous ordnance, in the absence of circumstances indicating the dangerous ordinance, materials, or parts are intended for legitimate use;
 Possession or control of any substance, device, instrument, or article designed or specially adapted for criminal use;
 Possession or control of any substance, device, instrument, or article commonly used for criminal purposes, under circumstances indicating the item is intended for criminal use.
On October 19, 1999, and November 3, 1999, an informant purchased $50 worth of cocaine from Boos. Testimony revealed that the police searched the informant before and after each purchase, the informant used money provided by the police department and that she wore a police wire.
At trial, Detective Clark testified that a search of Boos's residence, pursuant to a search warrant, revealed two weapons, marijuana, a choreboy, a Triple Beam scale and a false bottom can. Detective Clark testified that a choreboy can be used with a crack pipe to smoke crack cocaine. Detective Ahwajee testified that during the search he discovered the Triple Beam scale hidden behind the front grill of the refrigerator. He stated that this type of scale is used in narcotics and not regularly found in an ordinary household because it measures grams. He also testified that the false bottom can contained baggies that are commonly used for selling narcotics.
The record also reflects that the March 20, 2000 journal entry contained the requisite findings. The journal entry states:
 The Court further finds, pursuant to O.R.C. 2929.14(E)(3). That consecutive sentences are necessary to protect the public and punish the offender, not disproportionate to the conduct and to the danger the offender poses, and the harm was so great or unusual that [a] single term does not adequately reflect the seriousness of the conduct.
This court has held that the trial court's findings need not be in the sentencing transcript if the findings are contained in the journal entry. State v. Riggs (Oct. 11, 2000), Summit App. No. 19846, unreported, at 4; see, also, State v. Edmonson (1999), 86 Ohio St.3d 324. After reviewing the record we do not find that the trial court clearly and convincingly acted contrary to law. Accordingly, the first assignment of error is overruled.
 II. Assignment of Error No. 2: THE TRIAL COURT ERRED WHEN IT IMPOSED THE MAXIMUM SENTENCE ON COUNTS ONE AND TWO CONTRARY TO OHIO REVISED CODE SECTION 2929.14.
In his second assignment of error, Boos argues that the journal entry does not make the requisite findings pursuant to R.C. 2929.14(E) to support the maximum sentence. We disagree.
R.C. 2929.14 is concerned with the imposition of sentences in felony proceedings. Under R.C. 2929.14(C), a trial court may impose a maximum prison term on a defendant who has met one of four criteria: 1) the defendant committed the worst form of the offense; 2) the defendant poses the greatest likelihood of committing future crimes; 3) the defendant is a major drug offender of the type set forth in R.C. 2929.14(D)(3) or 4) the defendant is a repeat violent offender of the type set forth in R.C.2929.14(D)(2). R.C. 2929.19(B)(2)(d) also mandates that if the trial court imposes a maximum prison term allowed for an offense under R.C.2929.14(A), the court must give its reasons for that decision.
The record reflects that the trial court's March 20, 2000 journal entry stated the requisite findings regarding the imposition of maximum sentences. The journal entry states:
 The Court has considered the record, oral statements, as well as the principles and purposes of sentencing under O.R.C. 2929.11, and the seriousness and recidivism factors under O.R.C. 2929.12. * * * The Court further finds the following pursuant to O.R.C. 2929.12(B): (1) Anything less would demean the seriousness of the offense; AND The Court further finds the Defendant is not amenable to community control and that prison is consistent with the purposes of O.R.C. 2929.11.
Having found that the journal entry stated the requisite findings we overrule the second assignment of error. Riggs, Summit App. No. 19846, unreported, at 4; see, also, Edmonson, 86 Ohio St.3d 324.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
BATCHELDER, P. J., CONCURS